_JiFITZSIMMONS, Judge,
dissents with reasons.
I respectfully dissent from the majority’s reversal of the trial court in this matter. The majority recognizes that the School Board owed the plaintiff the duty to keep its property in reasonably safe condition, consistent with the purpose for which the plaintiff was on the premises. The construction of the press box by the plaintiff formed the relationship between the Livingston Parish School Board and the plaintiff. On several occasions, the plaintiff had expressly notified the school’s coordinator for the project of the lack of, and necessity for, scaffold boards. Moreover, the School Board had constructive notice that the plaintiff was attempting to complete the press box. Under these factual circumstances, I subscribe to the trial court *192 finding that the School Board breached the standard of care owed to these volunteer workers, and particularly to Mr. Boycher, to provide a safe work environment, which was a substantial factor in the cause of the accident.
'it is respectfully opined that DeLaune v. Medical Center of Baton Rouge, Inc., 95-1190 (La.App. 1st Cir. 10/25/96); 683 So.2d 859, writ denied, 97-0218 (La.3/21/97); 691 So.2d 84, is incorrectly cited. Mrs. Delaune was placed in a hospital room that created an unreasonable risk of harm to a physically debilitated hospital patient. The hospital failed to provide reasonably safe premises for use commensurate with the purpose of the invitation. Delaune, 95-1190 at pp. 6-7; 683 So.2d at 864-865. The School Board, similarly, placed Mr. Boycher in a setting, id. est, volunteer construction of a press box above the | «bleachers, that was not reasonably safe for the purpose of engaging in construction.